**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> THOMAS JEFFERY BISHOP, <br><br> Defendant. | No. CR09-3001-MWB <br><br> **ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S GUILTY PLEA** |

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. Standard Of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *B. Objection To Report and Recommendation* . . . . . . . . . . . . . . . . . . . . . . 7

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*I. INTRODUCTION AND BACKGROUND*

On January 21, 2009, an indictment was returned against defendant Thomas Jeffery Bishop charging him with conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846, and distributing and aiding and abetting the distribution of approximately one-half ounce of

methamphetamine, in violation of 17 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On March 30, 2009, defendant Bishop appeared before Chief United States Magistrate Judge Paul A. Zoss and entered a plea of guilty to Counts 1 and 2 of the indictment. While defendant Bishop admitted to all of the elements of each offense, he refused to admit to the 500 grams or more methamphetamine quantity charged in Count 1. Defendant Bishop indicated that he would not admit drug quantity at the time of the plea hearing with respect to Count 1, but would waive his right to a jury determination of drug quantity and have the court decide drug quantity at the time of sentencing. The prosecution objected at that time to defendant Bishop being permitted to plead guilty to Count 1 without an accompanying admission as to the charged drug quantity. Judge Zoss overruled the prosecution's objection and on March 30, 2009, Judge Zoss filed a Report and Recommendation in which he recommends that defendant Bishop's guilty plea be accepted. The prosecution has filed an objection to Judge Zoss's Report and Recommendation. Defendant Bishop has not filed a resistance or response to the prosecutions's objection. The court, therefore, undertakes the necessary review of Judge Zoss's recommendation to accept defendant Bishop's plea in this case.

## II. LEGAL ANALYSIS

### A. *Standard Of Review*

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the

matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

De novo review, of course, is nondeferential and generally allows a reviewing court to make an "independent review" of the entire matter. *Salve Regina College v. Russell*, 499 U.S. 225, 238 (1991) (noting also that "[w]hen *de novo* review is compelled, no form of appellate deference is acceptable"); *see Doe v. Chao*, 540 U.S. 614, 620-19 (2004) (noting de novo review is "distinct from any form of deferential review"). The de novo review of a magistrate judge's report and recommendation, however, only means a district court "'give[s] fresh consideration to those issues to which specific objection has been

made.'" *United States v. Raddatz*, 447 U.S. 667, 675 (1980) (quoting H.R. Rep. No. 94-1609, at 3, *reprinted in* 1976 U.S.C.C.A.N. 6162, 6163 (discussing how certain amendments affect 28 U.S.C. § 636(b))). Thus, while de novo review generally entails review of an entire matter, in the context of § 636 a district court's *required* de novo review is limited to "de novo determination[s]" of only "those portions" or "specified proposed findings" to which objections have been made. 28 U.S.C. § 636(b)(1); *see Thomas*, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any *issue* need only ask." (emphasis added)). Consequently, the Eighth Circuit Court of Appeals has indicated de novo review would only be required if objections were "specific enough to trigger *de novo* review." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). Despite this "specificity" requirement to trigger de novo review, the Eighth Circuit Court of Appeals has "emphasized the necessity . . . of retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). As a result, the Eighth Circuit has been willing to "liberally construe[]" otherwise general pro se objections to require a de novo review of all "alleged errors," *see Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995), and to conclude that general objections require "full *de novo* review" if the record is concise, *Belk*, 15 F.3d at 815 ("Therefore, even had petitioner's objections lacked specificity, a *de novo* review would still have been appropriate given such a concise record."). Even if the reviewing court must construe objections liberally to require de novo review, it is clear to this court that there is a distinction between making an objection and making no objection at all. *See Coop. Fin. Assoc., Inc. v. Garst*, 917 F. Supp. 1356, 1373 (N.D. Iowa 1996) ("The court finds that the distinction between a flawed effort to bring objections to the district court's attention and no effort to make such objections is appropriate."). Therefore, this court will strive to provide de novo review of all issues

that might be addressed by any objection, whether general or specific, but will not feel compelled to give de novo review to matters to which no objection at all has been made.

In the absence of any objection, the Eighth Circuit Court of Appeals has indicated a district court should review a magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"); *Branch*, 886 F.2d at 1046 (contrasting de novo review with "clearly erroneous standard" of review, and recognizing de novo review was required because objections were filed). The court is unaware of any case that has described the clearly erroneous standard of review in the context of a district court's review of a magistrate judge's report and recommendation to which no objection has been filed. In other contexts, however, the Supreme Court has stated the "foremost" principle under this standard of review "is that '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Thus, the clearly erroneous standard of review is deferential, *see Dixon v. Crete Medical Clinic, P.C.*, 498 F.3D 837, 847 (8th Cir. 2007) (noting a finding is not clearly erroneous even if another view is supported by the evidence), but a district court may still reject the magistrate judge's report and recommendation when the district court is "left with a definite and firm conviction that a mistake has been committed," *U.S. Gypsum Co.*, 333

U.S. at 395.

Even though some "lesser review" than de novo is not "positively require[d]" by statute, *Thomas*, 474 U.S. at 150, Eighth Circuit precedent leads this court to believe that a clearly erroneous standard of review should generally be used as the baseline standard to review all findings in a magistrate judge's report and recommendation that are not objected to or when the parties fail to file any timely objections, *see Grinder*, 73 F.3d at 795; *Taylor*, 910 F.2d at 520; *Branch*, 886 F.2d at 1046; *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). In the context of the review of a magistrate judge's report and recommendation, the court believes one further caveat is necessary: a district court always remains free to render its own decision under de novo review, regardless of whether it feels a mistake has been committed. *See Thomas*, 474 U.S. at 153-54. Thus, while a clearly erroneous standard of review is deferential and the minimum standard appropriate in this context, it is not mandatory, and the district court may choose to apply a less deferential standard.[1]

---

[1] The Eighth Circuit Court of Appeals, in the context of a dispositive matter originally referred to a magistrate judge, does not review a district court's decision in similar fashion. The Eighth Circuit Court of Appeals will either apply a clearly erroneous or plain error standard to review factual findings, depending on whether the appellant originally objected to the magistrate judge's report and recommendation. *See United States v. Brooks*, 285 F.3d 1102, 1105 (8th Cir. 2002) ("Ordinarily, we review a district court's factual findings for clear error . . . . Here, however, the record reflects that [the appellant] did not object to the magistrate's report and recommendation, and therefore we review the court's factual determinations for plain error." (citations omitted)); *United States v. Looking*, 156 F.3d 803, 809 (8th Cir. 1998) ("[W]here the defendant fails to file timely objections to the magistrate judge's report and recommendation, the factual
(continued...)

As noted above, the prosecution has filed an objection to Judge Zoss's Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommendation to accept defendant Bishop's guilty plea in this case.

### B. *Objection To Report and Recommendation*

The prosecution objects to Judge Zoss's permitting defendant Bishop to plead guilty to the conspiracy charge, without allocuting to the drug quantity alleged in the indictment, and having the court determine the drug quantity at sentencing. The prosecution argues that because, for the purposes of determining the sentence, the amount of drugs involved

---

[1](...continued)
conclusions underlying that defendant's appeal are reviewed for plain error."). The plain error standard of review is different than a clearly erroneous standard of review, *see United States v. Barth*, 424 F.3d 752, 764 (8th Cir. 2005) (explaining the four elements of plain error review), and ultimately the plain error standard appears to be discretionary, as the failure to file objections technically waives the appellant's right to appeal factual findings, *see Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (stating an appellant who did not object to the magistrate judge's report and recommendation waives his or her right to appeal factual findings, but then choosing to "review[] the magistrate judge's findings of fact for plain error"). An appellant does not waive his or her right to appeal questions of law or mixed questions of law and fact by failing to object to the magistrate judge's report and recommendation. *United States v. Benshop*, 138 F.3d 1229, 1234 (8th Cir. 1998) ("The rule in this circuit is that a failure to object to a magistrate judge's report and recommendation will *not* result in a waiver of the right to appeal '"when the questions involved are questions of law or mixed questions of law and fact."'" (quoting *Francis v. Bowen*, 804 F.2d 103, 104 (8th Cir. 1986), in turn quoting *Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986))). In addition, legal conclusions will be reviewed de novo, regardless of whether an appellant objected to a magistrate judge's report and recommendation. *See, e.g.*, *United States v. Maxwell*, 498 F.3d 799, 801 n.2 (8th Cir. 2007) ("In cases like this one, 'where the defendant fails to file timely objections to the magistrate judge's report and recommendation, the factual conclusions underlying that defendant's appeal are reviewed for plain error.' We review the district court's legal conclusions de novo." (citation omitted)).

7

in Count 1 must be proven to the jury beyond a reasonable doubt, defendant Bishop cannot waive his right to a jury trial on that issue without the consent of the prosecution. The prosecution further contends that since it does not consent to having drug quantity determined at the time of sentencing, the court cannot determine the amount of drugs for that issue and defendant Bishop cannot plead guilty to the conspiracy charge without allocuting to the quantity of drugs alleged in the indictment.

In *Apprendi v. New Jersey,* 530 U.S. 466, (2000), the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 466. The drug quantity determination is crucial to the statutory sentencing range. The drug conspiracy statute, 21 U.S.C. § 846, states that the penalty for conspiring to commit an offense in "this subchapter," which refers to 21 U.S.C. §§ 801-904, shall be the same as the penalty for the crime that was the object of the conspiracy. Section 841(a) defines the crime that was the object of the conspiracy, namely, distributing 500 grams or more of methamphetamine. Section 841(b) defines the penalties for violations of § 841(a), which, because of § 846, are also the penalties for conspiring to violate § 841(a). Under § 841(b)(1) a three-tiered drug quantity-driven sentencing framework is set out for violations of § 841(a)(1), including those involving methamphetamine. The top tier, § 841(b)(1)(A), provides a sentencing span ranging from ten years to life imprisonment for offenses involving 500 or more grams of methamphetamine. The intermediate tier, § 841(b)(1)(B), establishes a sentencing span ranging from five to forty years for offenses involving 50 or more grams of methamphetamine while the lowest tier, § 841(b)(1)(C), provides for a maximum sentence of twenty years imprisonment for offenses involving less than 50 grams of methamphetamine or when no drug quantity is specified. In this case, because the quantity

of drugs alleged in Count 1 of the Indictment may raise defendant Bishop's sentence above the statutory maximum established in § 841(b)(1)(C), quantity is an element of the offense charged under § 841. *See United States v. Webb*, 545 F.3d 673, 678 (8th Cir. 2008) (holding that 21 U.S.C. § 841(b)(1) "sets forth the elements of the offense that must be proved beyond a reasonable doubt and that 'drug quantity is not such an element unless the quantity can and does lead to the imposition of a sentence greater than the otherwise applicable statutory maximum.'") (quoting *United States v. Serrano-Lopez,* 366 F.3d 628, 638 (8th Cir. 2004)); *United States v. Gonzalez,* 420 F.3d 111, 129 (2d Cir. 2005) (holding that drug quantity is an element of the offense that must be proved to a jury beyond a reasonable doubt or admitted by the defendant where the quantity triggers a change in the maximum sentence); *United States v. Zidell,* 323 F.3d 412, 430 (6th Cir. 2003) (stating that drug quantity finding was an element of the offense where it increased the applicable statutory maximum sentence); *United States v. Thomas,* 274 F.3d 655, 660 (2d Cir. 2001) (holding that "if the type and quantity of drugs involved in a charged crime may be used to impose a sentencing above the statutory maximum for an indeterminate quantity of drugs, then the type and quantity of drugs is an element of the offense that must be charged in the indictment and submitted to the jury."); *United States v. Lopez-Lopez,* 282 F.3d 1, 22 (1st Cir. 2002) (noting that when drug quantity elevates the statutory maximum sentence, it needs to be proven beyond a reasonable doubt to the jury, although judges could still make all other drug quantity determinations at sentencing); *United States v. Promise,* 255 F.3d 150, 156-57 (4th Cir. 2001) (holding that in order to sentence the defendant above the statutory maximum, *Apprendi* requires drug quantity be treated as "an element of an aggravated drug trafficking offense" under § 841 and be proved to the jury beyond a reasonable doubt), *cert. denied,* 535 U.S. 1098 (2002).

      Federal courts have recognized that a defendant may generally plead to the elements

of a drug offense without admitting the drug quantity. *United States v. Cokonis*, 229 Fed. Appx. 610, 611 (9th Cir. 2007); *United States v. Patterson,* 381 F.3d 859, 866 (9th Cir. 2004); *United States v. Thomas,* 355 F.3d 1191, 1198 (9th Cir. 2004). However, in such a case, the sentencing court is required to either empanel a jury to determine the quantity of drugs, or, upon a valid jury trial waiver, itself determine drug quantity beyond a reasonable doubt. *See Cokonis*, 229 Fed. Appx. at 611; *Thomas,* 355 F.3d at 1198; *see also United States v. Briscoe*, No. 06-83, 2007 WL 3348333, at *1 (D. Del. Nov. 13, 2007) (district court conducted bench trial solely on issue of the quantity of drugs defendant possessed); *United States v. Susana*, No. 04 CR. 6 (JGK), 2005 WL 1802853, at *1 (S.D.N.Y. Jul. 29, 2005) (holding that defendant could not waive his right to a jury trial with regard to the amount of drugs without the consent of the prosecution). Thus, the issue presented in this case is whether there has been a valid jury trial waiver as to the issue of drug quantity.

Federal Rule of Criminal Procedure 23 provides that:

> If the defendant is entitled to a jury trial, the trial must be by jury unless:
> (1) the defendant waives a jury trial in writing;
> (2) the government consents; and
> (3) the court approves.

FED. R. CIV. P. 23(a). Here, all three of these conditions have not been met. Defendant Bishop did not waive his right to a jury trial in writing. More problematic, however, is that the prosecution has not consented. Federal appellate courts, including the Eighth Circuit Court of Appeals, have uniformly upheld denials of jury trial waivers in which the prosecution has not consented. *See United States v. Jackson,* 278 F.3d 769, 771 (8th Cir. 2002); *United States v. Drefke,* 707 F.2d 978, 983 (8th Cir. 1983); *see also United States v. United States Dist. Court for E. Dist. of California*, 464 F.3d 1065, 1070-71 (9th Cir.

10

2006); *DeLisle v. Rivers,* 161 F.3d 370, 389 (6th Cir. 1998); *United States v. Van Metre,* 150 F.3d 339, 353 (4th Cir. 1998); *United States v. Clark,* 943 F.2d 775, 784 (7th Cir. 1991); *United States v. Sun Myung Moon,* 718 F.2d 1210, 1217-1219 (2d Cir. 1983). Because the prosecution has not consented to a waiver of a jury trial on the issue of drug quantity, the jury trial waiver in this case is invalid. Accordingly, the prosecution's objection to Judge Zoss's Report and Recommendation is sustained. The court cannot accept defendant Bishop's guilty plea to a quantity specific charge where he has not allocuted to a drug quantity and his plea was tied to an invalid jury trial waiver. Therefore, Judge Zoss Report and Recommendation is rejected and the case is to be placed back on the trial calendar.[2]

### III. CONCLUSION

Therefore, for the reasons set out above, the court, upon a *de novo* review of the record, rejects Judge Zoss's Report and Recommendation and refuses to accept defendant Bishop's plea of guilty in this case to Counts 1 and 2 of the indictment. The court further orders that the case be placed back on the trial calendar.

---

[2] While the court has rejected his guilty plea, defendant Bishop has several options available to him. He may plead guilty to the § 841(b)(1)(A) conspiracy with an admission to minimum drug quantity element of that offense, 500 grams of methamphetamine, leaving to the court to determine the actual quantity of drugs by a preponderance of the evidence. Another option is for defendant Bishop to plead guilty to the conspiracy charge, but have a jury trial on the drug quantity element. Finally, defendant Bishop can have a jury trial on all aspects of the conspiracy charge.

**IT IS SO ORDERED.**

**DATED** this 14th day of May, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA